IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | 4:05CV3260 |
| Plaintiff, | ) ) | **MEMORANDUM** |
| vs. | ) ) | **AND ORDER** |
| NEBRASKA PUBLIC SERVICE COMMISSION, et al., | ) ) ) ) | |
| Defendants. | ) | |

   This action for declaratory and injunctive relief, filed on October 11, 2005, allegedly arises under certain provisions of the Telecommunications Act of 1996, 47 U.S.C. §§ 251-253. The plaintiff, Sprint Communications Company L.P. ("Sprint"), seeks to enjoin the enforcement of an order entered by the Nebraska Public Service Commission ("NPSC") on September 13, 2005, that resolved two issues submitted to it for arbitration between Sprint and Southeast Nebraska Telephone Company ("SENTCO"), and also a subsequently approved interconnection and reciprocal compensation agreement between Sprint and SENTCO that was entered into pursuant to the NSPC's order. Presently before the court is a motion to intervene that was filed on December 12, 2005, by Time Warner Cable, Inc. ("TWC"), a cable provider that allegedly had contracted with Sprint for interconnection and transport services that would enable TWC to provide telephone service in SENTCO's territory. The NPSC's order effectively prohibits Sprint from using its agreement with SENTCO for the purpose of serving TWC.

   Jurisdiction over a claim brought by an intervenor depends on the nature of the intervention. If the intervention is a permissive one the claim must be supported by

independent jurisdictional grounds.  Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 540 (8th Cir. 1970).  Where intervention is of right, however, the courts and authorities are in substantial agreement that there need be no independent jurisdictional grounds to support the intervenor's claim.  Id. (citations omitted).

TWC alleges in its proposed complaint in intervention that subject matter jurisdiction exists under 28 U.S.C. §§ 1331, 1332, 1337, and 47 U.S.C. § 252(e)(6).  (Filing 28-2, ¶ 1.)  Section 252(e)(6) of the Telecommunications Act authorizes "any party aggrieved" by a determination made by a state commission under the Act to bring an action in federal district court.  TWC was not a party to the NPSC's proceedings involving Sprint and SENTCO, and does not have standing to sue under § 252(e)(6).  It appears, however, that the court may have jurisdiction under § 1331 to the extent that TWC claims that the NPSC's order is contrary to federal law.  See Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 642-43 (2002) (§ 252(e)(6) does not divest district courts of their general jurisdiction under § 1331).  Also, although TWC's proposed complaint fails to set forth sufficient facts to establish diversity jurisdiction under 28 U.S.C. § 1332, I will assume for purposes of the pending motion that this pleading defect is correctable.  That is, I will assume that the matter in controversy exceeds the sum of $75,000,[1] and that TWC, which is alleged to be a Delaware corporation, is not a citizen of a state where any of the defendants hold citizenship.[2]

---

[1] In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.  James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005).

[2] The defendants are the NPSC, its five members, who are sued in their official capacities only, and SENTCO.  Although the NPSC might be immune from suit under the Eleventh Amendment, the commission members are not.  See Rose v. Nebraska, 748 F.2d 1258, 1262 (8th Cir. 1984) (state's Eleventh amendment immunity does not shield officials from declaratory or injunctive relief).

Upon timely application, a party seeking intervention of right must establish that it (1) has a recognized interest in the subject matter of the litigation that (2) might be impaired by the disposition of the case and that (3) will not be adequately protected by the existing parties. Curry v. Regents of University of Minnesota, 167 F.3d 420, 422 (8th Cir. 1999); Fed. R. Civ. P. 24(a)(2). The defendants argue that the motion to intervene is untimely, but it was filed just two months after the action commenced. In fact, the motion was filed on the same day that the court granted Sprint leave to file an amended complaint to add SENTCO as a party. Sprint does not object to TWC's intervention, and the defendants have failed to show that they have been prejudiced in any manner by TWC's alleged delay in filing the motion to intervene.[3] I therefore find that the motion is timely.

TWC obviously has an economic interest in the outcome of the case, but mandatory intervention requires a stronger showing. See id. (campus organizations receiving funding from mandatory student fees could not intervene in action brought against university by students challenging fee system). That is, Rule 24(a)(2) has been held to require the showing of a "direct, substantial and legally protectable" interest. See Standard Heating & Air Conditioning Co. v. City of Minneapolis, 137 F.3d 567, 571 (8th Cir. 1998) (trade associations could not intervene in suit brought by heating and air conditioning companies against city to challenge ordinances and rules governing apprenticeship, testing, and licensing of repairmen). I conclude that

---

[3]"Whether a motion to intervene is timely is determined by considering all of the circumstances of the case." United States v. Union Elec. Co., 64 F.3d 1152, 1158-59 (8th Cir.1995). Three important factors for the court to consider in determining timeliness include: (1) the reason for any delay in the proposed intervenor's seeking intervention; (2) at what the point in the litigation the proposed intervenor sought intervention, and (3) how much prejudice to other parties allowing the intervention would cause. Id. at 1159. Prejudice is determined by evaluating whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change. Id.

TWC has failed to demonstrate it has a recognized interest in the challenged order or the interconnection and reciprocal compensation agreement.

TWC was not a party to the negotiations and arbitration between Sprint and SENTCO. However, it clearly was Sprint's intention that a TWC subsidiary, Time Warner Cable Information Services (Nebraska), LLC ("TWCIS"), would be a third-party beneficiary to the agreement with SENTCO. The NPSC's order details TWCIS's direct interests in both issues that were submitted to arbitration.[4] For example, in summarizing the case before it, the NPSC stated:

> 9. The parties agree that if Sprint's intended use of the Interconnection Agreement were limited to Sprint's provision of telecommunications service to Sprint retail customers located in SENTCO's exchange service areas, no issues would exist between the parties requiring arbitration. Tr. 99:14-19. Sprint has entered into a business arrangement with Time Warner Cable Information Services (Nebraska) LLC d/b/a Time Warner Cable (Time Warner) to support Time Warner's offering of local and long distance voice services in the Falls City area. SENTCO disputes that Sprint is entitled to utilize the Agreement for the benefit of Time Warner or any other third party. (See, generally, Ex 2).
>
> 10. Sprint has expressed no intention of being the retail provider of telecommunications services. Rather, Time Warner will provide retail voice telecommunications services, will exclusively have all customer relationships, will market the service in the name of Time Warner, will perform all billing functions and will resolve all customer complaints. Tr. 27:9-28:1. Sprint has entered into a Wholesale Voice Services Agreement with Time Warner pursuant to which Sprint intends

---

[4] The arbitrated issues concerned the meaning of terms used in two disputed sections of the interconnection and reciprocal compensation agreement: (1) whether the definition of "End User or End User Customer" should include end users of a service provider for whom Sprint provides interconnection and other telecommunications services: and (2) whether the definition of "Reciprocal Compensation" should include transportation and termination of each carrier's network of all Local Traffic.

> to provide certain telecommunications services to Time Warner on a wholesale basis. Ex. 20, Confidential Attachment.
>
> 11. The network over which telecommunications service is proposed to be provided to Time Warner's customers consists of a combination of Sprint and Time Warner facilities. . . .

(Filing 31 at 29.) Indeed, the NPSC found that TWCIS was the <u>only</u> intended third-party beneficiary of the Sprint-SENTCO agreement, and, for that reason, Sprint was not acting as a "telecommunications carrier" under Sections 251 and 252 of the Act. (<u>Id.</u> at 34, ¶ 25.) TWCIS, of course, is not the proposed intervenor.

Although the proposed complaint in intervention contains allegations that "TWC has contracted with Sprint to obtain . . . interconnection and transport services" (filing 28-2, ¶ 15) and that the NPSC "ruled for SENTCO and refused to permit Sprint to utilize its interconnection agreement to provide interconnection and transport services to TWC" (<u>Id.</u>, ¶ 16), such allegations are inconsistent with the findings made by the NPSC concerning Sprint's business arrangement with TWCIS. TWC does not allege that such findings are erroneous.[5]

---

[5] Indeed, TWC alleges that the NPSC "has granted TWC's subsidiary, Time Warner Cable Information Services (Nebraska) LLC ("TWCIS") a certificate of public convenience and necessity authorizing it to provide local and interexchange telecommunications services in Nebraska." (<u>Id.</u>, ¶ 3.) TWC does not allege that it is certificated to provide telecommunications services in Nebraska, but argues that state certification requirements have been preempted by the Federal Communications Commission for "Voice over Internet Protocol" telephone service. Even assuming that TWC might be authorized to provide telephone service in Nebraska, however, the record does not support a finding that TWC contracted with Sprint as alleged in the proposed complaint in intervention. I am not required to take TWC's pleading at face value. <u>Cf.</u> <u>Kozak v. Wells</u>, 278 F.2d 104, 109 (8th Cir. 1960) (in determining whether conditions for intervention of right have been met, court must look to pleadings, that is, to motion for leave to intervene and to proposed complaint or defense in intervention, and, "in the absence of sham, frivolity, or other similar objections," court will accept allegations in pleadings as true).

In sum, it appears that TWC must rely solely upon its status as the parent company of TWCIS in seeking to intervene as a matter of right. Absent the showing of a more direct interest in the NPSC's proceedings involving the Sprint-SENTCO interconnection and reciprocal compensation agreement, I find that TWC is not entitled to intervene in this case under Rule 24(a)(2).

Whether TWC should be permitted to intervene as a matter of the court's discretion largely depends upon whether "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2) (also providing that "anyone may be permitted to intervene . . . when an applicant's claim or defense and the main action have a question of law or fact in common."). Considering that the existing parties have stipulated that the case will be decided on the administrative record, without further discovery or hearing, and have agreed to a briefing schedule that has been adopted by the court (see filings 36 and 38), it is very likely that TWC's intervention in the case would result in undue delay and prejudice the defendants.[6] Thus, I will deny TWC leave to intervene under Rule 24(b)(2).

On the other hand, I see no potential for harm in granting TWC leave to file amicus briefs, provided that it does so at the same time as the plaintiff, Sprint. See 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1913, at 392 (2d ed. 1986) (common practice to allow amicus brief where permissive intervention denied). Regardless of whether TWC's alleged economic interest in this litigation will be adequately protected by Sprint, the court may well benefit from TWC's participation in briefing.

Accordingly,

---

[6] TWC is not bound by the parties' stipulation and has not indicated that it would be willing to forego discovery or the presentation of additional evidence.

-7-

IT IS ORDERED that:

1. Time Warner Cable, Inc.'s motion to intervene (filing 28) is denied.

2. Time Warner Cable, Inc., may file a brief as <u>amicus curiae</u> on or before February 15, 2006. The defendants may file briefs in response to the <u>amicus</u> brief on or before March 31, 2006, and such briefs shall not be included in the agreed-to limitation of 75 total pages for briefing.

3. Time Warner Cable, Inc., may file a reply brief as <u>amicus curiae</u> on or before April 21, 2006.

4. Time Warner Cable, Inc., shall not file any evidence, either separately or in an appendix to a brief; its <u>amicus</u> briefs shall not exceed 75 total pages, excluding tables of content and tables of authorities cited.

January 18, 2006.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge