IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | 4:05CV3260 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **MEMORANDUM AND ORDER** |
| NEBRASKA PUBLIC SERVICE COMMISSION, Utilities Division, Department of Commerce; FRANK E. LANDIS, JR., in his official capacity as a Member of the Nebraska Public Service Commission; ANNE C. BOYLE, in her official capacity as a Member of the Nebraska Public Service Commission; LOWELL C. JOHNSON, in his official capacity as a Member of the Nebraska Public Service Commission; ROD JOHNSON, in his official capacity as a Member of the Nebraska Public Service Commission; GERALD L. VAP, in his official capacity as Chairman and Member of the Nebraska Public Service Commission, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| SOUTHEAST NEBRASKA TELEPHONE COMPANY, | ) ) ) | |
| Defendant/Intervenor. | ) | |

On September 7, 2007, the court entered a judgment in favor of the plaintiff, Sprint Communications Company L.P., reversing an arbitration order that was entered by the Nebraska Public Service Commission on September 13, 2005, and remanding the case to the Commission with directions to provide for the implementation of an interconnection agreement between Sprint and the defendant/intervenor, Southeast Nebraska Telephone Company (SENTCO), that will define the terms "end user" (or "end use customer") and "reciprocal compensation" in the manner that was proposed by Sprint. SENTCO subsequently filed a notice of appeal, and, on October 11, 2007, a motion for a stay of the judgment pending appeal, pursuant to Federal Rule of Civil Procedure 62(c).[1] SENTCO's motion requests that the stay not be conditioned upon the posting of a bond or other security. SENTCO has also requested an expedited ruling and has advised the court that it does not intend to file a reply brief.

The factors regulating the issuance of a stay are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Upon careful consideration of these factors, I conclude that SENTCO's motion should be denied.

First of all, for the reasons stated in the court's previous memorandum and order, I find there is little likelihood that SENTCO will prevail on appeal. Second, it is reasonable to assume that SENTCO will lose retail customers to Time Warner if the new interconnection agreement with Sprint is implemented, and that it may not

---

[1] The rule provides, in part: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c).

regain all of those customers even if the appeal is successful. SENTCO will not be compensated for this loss of business. Third, it is also reasonable to assume that Sprint and Time Warner will lose revenue if they cannot take advantage of the new interconnection agreement while the case is on appeal. Their losses also will not be compensable. Balancing the second and third factors, I cannot say that SENTCO stands to lose more than Sprint and Time Warner. Fourth, while there may be some benefit to the public, and especially to the residents of Falls City, in preserving the status quo, public policy favors competition. On the whole, therefore, I am not convinced that there is sufficient justification to delay implementation of the new interconnection agreement.

Accordingly,

IT IS ORDERED that SENTCO's motion for a stay of judgment (filing 117) is denied.

October 19, 2007.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge